WILLIAM EDWARD VAUGHN, Plaintiff v. CVS REVCO D.S., INC., Defendant

No. COA00-159

(Filed 3 July 2001)

**Pensions and Retirement— anticipatory breach of contract— unfair and deceptive trade practices—Employment Retirement Income Security Act**

The trial court erred by concluding that plaintiff's claims for anticipatory breach of contract and unfair and deceptive trade practices, arising out of defendant's alleged failure to honor its purported agreement with plaintiff establishing 15 February 1972 as the date of hire for purposes of determining plaintiff's pension benefits, are preempted by the Employment Retirement Income Security Act (ERISA) under U.S.C. §§ 1001-1461 and thus subject to dismissal for lack of jurisdiction, because: (1) plaintiff's claims do not make reference to an ERISA plan and are based on state law; (2) a finding of preemption is not necessary to protect the objectives of ERISA; (3) plaintiff's state law claims do not fall within any of the three categories of state laws that Congress intended ERISA to preempt; and (4) plaintiff's claims are not against defendant's employee benefits plan, but are instead against defendant for its anticipated failure to abide by its promise to provide pension benefits based on an agreed upon date of hire which does not concern the substance of the pension plan or the plan's regulation.

Appeal by plaintiff from order entered 5 November 1999 by Judge J.B. Allen, Jr. in Orange County Superior Court. Heard in the Court of Appeals 26 February 2001.

*Haywood, Denny & Miller, L.L.P., by Michael W. Patrick, for plaintiff-appellant.*

*Yates, McLamb & Weyher, L.L.P., by Barry S. Cobb, for defendant-appellee.*

CAMPBELL, Judge.

Plaintiff appeals the trial court's determination that his claims are preempted by the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 (ERISA), and, thus, subject to dismissal for lack of jurisdiction.

## VAUGHN v. CVS REVCO D.S., INC.

[144 N.C. App. 534 (2001)]

On 9 June 1999, plaintiff filed an action against CVS Revco D.S., Inc. (defendant), successor in interest to Revco D.S., Inc. (Revco), alleging anticipatory breach of contract and unfair and deceptive trade practices. Plaintiff's complaint alleged that he began employment with Revco on 15 February 1972. Plaintiff later operated his own business, Vaughn Independent Pharmacy, until in or around August 1995, at which time his pharmacy was purchased by Revco. Plaintiff further alleged that an agent of Revco orally contracted with plaintiff for a position of employment as a salaried pharmacist at Revco's Carrboro location. In evidence of this alleged oral contract, plaintiff received written confirmation by letter dated 5 June 1995, stating "you will retain your tenure showing a date of hire of February 15, 1972," and "[a]ll benefits will be applicable per your tenure." Defendant subsequently acquired Revco, and plaintiff retained his employment with defendant. Plaintiff alleged that agents of defendant have expressly stated on numerous occasions that upon retirement plaintiff's pension benefits will be calculated as if he were hired in or about August 1995, although the contract provides for a date of hire of 15 February 1972. Plaintiff alleged that these statements constituted an anticipatory breach of contract, and that defendant's conduct constituted unfair and deceptive trade practices.

Defendant answered plaintiff's complaint and moved to dismiss plaintiff's claims, arguing that they are preempted by ERISA. The trial court agreed and entered an order dismissing plaintiff's claims for lack of jurisdiction over the subject matter.

Plaintiff argues the trial court erred in its conclusion that his claims are preempted by ERISA. We agree, and reverse the order of the trial court.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C.A. § 1144(a) (1999). The text of ERISA's preemption provision is "clearly expansive." *New York Blue Cross v. Travelers Ins.*, 514 U.S. 645, 655, 131 L. Ed. 2d 695, 705 (1995). However, the United States Supreme Court has recognized that the term "relate to" cannot be "taken to extend to the furthest stretch of its indeterminancy," or else "for all practical purposes pre-emption would never run its course." *Id.* Likewise, the United States Supreme Court has cautioned that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' " an ERISA plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n. 21, 77 L. Ed. 2d 490, 503 n. 21 (1983).

In *Shaw*, the United States Supreme Court explained that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it [1] has a connection with or [2] reference to such a plan." *Id.* at 96-97, 77 L. Ed. 2d at 501. Under the latter inquiry, where a State's law acts immediately and exclusively upon ERISA plans, as in *Mackey v. Lanier Collections Agency*, 486 U.S. 825, 100 L. Ed. 2d 836 (1988) (holding that ERISA preempts a state law specifically exempting ERISA plans from an otherwise generally applicable garnishment provision), or where the existence of an ERISA plan is essential to the law's operation, as in *Ingersoll-Rand v. McClendon*, 498 U.S. 133, 112 L. Ed. 2d 474 (1990) (holding that ERISA preempts a common law cause of action for wrongful discharge premised on the existence of an ERISA plan), the law impermissibly "refers to" an employment benefit plan, resulting in preemption. *Cal. Div. of Lab. Stds. v. Dillingham*, 519 U.S. 316, 324-25, 136 L. Ed. 2d 791, 799 (1997).

A law that does not refer to ERISA plans may still be preempted if it has an impermissible connection with ERISA plans. To determine whether a state law has the forbidden connection with ERISA plans, the United States Supreme Court in *Travelers* adopted a pragmatic approach, "go[ing] beyond the unhelpful text [of § 1144(a)] and the frustrating difficulty of defining its key term ["relates to"], and look[ing] instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive [preemption]." *Travelers*, 514 U.S. at 656, 131 L. Ed. 2d at 705.

ERISA was enacted to "protect . . . the interests of participants in employee benefit plans and their beneficiaries . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C.A. § 1001(b) (1999). In passing ERISA's preemption provision, Congress intended

> to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government . . . , [and to prevent] the potential for conflict in substantive law . . . requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction.

*Travelers*, 514 U.S. at 656-57, 131 L. Ed. 2d at 706 (quoting *Ingersoll-Rand v. McClendon*, 498 U.S. at 142, 112 L. Ed. 2d at 486 (1990)). "The

basic thrust of the preemption clause, then, was to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *Id.*

"[I]n light of the objectives of ERISA and its preemption clause, Congress intended ERISA to preempt at least three categories of state laws that can be said to have a connection with an ERISA plan." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1468 (4th Cir. 1996). "First, Congress intended ERISA to preempt state laws that 'mandate[] employment benefit structures or their administration.' " *Id.* (quoting *Travelers*, 514 U.S. at 658, 131 L. Ed. 2d at 707). For example, the Court in *Shaw* held that ERISA preempted a New York statute which prohibited employers from structuring benefit plans in a manner that discriminated on the basis of pregnancy, as well as a statute that required employers to pay employees specific benefits. *Shaw*, 463 U.S. 85, 77 L. Ed. 2d 490. Without preemption, such laws would subject benefit plans to conflicting directives from one state to the next. *Id.*

"Second, Congress intended to preempt state laws that bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself." *Coyne & Delany Co.*, 98 F.3d at 1468. "Accordingly, the Court in *Travelers* held that ERISA did not preempt New York's statute imposing surcharges on patients covered by certain insurers because the statute merely had an 'indirect economic influence' on a plan's shopping choices but did not bind a plan to any particular choice." *Id.*

Third, Congress intended to preempt "state laws providing alternate enforcement mechanisms" for employees to obtain ERISA plan benefits. *Travelers*, 514 U.S. at 658, 131 L. Ed. 2d at 707. In considering whether a particular state law claim falls within this category, it is important to determine whether the claim is "aimed at obtaining ERISA benefits." *Coyne & Delany Co.*, 98 F.3d at 1471. Specifically, in *Coyne & Delany Co.*, the Fourth Circuit emphasized that the plaintiff's claims were not preempted by ERISA because if the plaintiff succeeded on its claims, the defendants would be liable in their individual capacities, not as an administrator or fiduciary of an ERISA plan, and the plaintiff would not be entitled to ERISA plan benefits. *See also Smith v. Cohen Ben. Group, Inc.*, 851 F. Supp. 210, 214 (M.D.N.C.1993).

VAUGHN v. CVS REVCO D.S., INC.

[144 N.C. App. 534 (2001)]

In contrast to the three categories of state laws that Congress intended ERISA to preempt, "Congress did not intend to preempt 'traditional state-based laws of general applicability [that do not] implicate the relations among the traditional ERISA plan entities . . . ." *Coyne & Delany Co.*, 98 F.3d at 1469 (quoting *Custer v. Sweeney*, 89 F.3d 1156, 1167 (4th Cir. 1996).

In the instant case, plaintiff alleged (1) a common law claim of anticipatory breach of contract, and (2) a statutory claim of unfair and deceptive trade practices. The factual basis for both of plaintiff's claims is that defendant does not intend to honor its agreement with plaintiff that allegedly established 15 February 1972 as the date of hire for purposes of determining plaintiff's pension benefits. In light of the principles already discussed, we now consider whether plaintiff's claims "relate to" an ERISA plan.

At the outset, we hold that plaintiff's claims do not make "reference to" an ERISA plan, and, thus, are not preempted on that basis. To be preempted for making "reference to" an ERISA plan, a law must specifically refer to ERISA plans, *See Mackey*, 486 U.S. 825, 100 L. Ed. 2d 836; *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 121 L. Ed. 2d 513 (1992), or the cause of action must be dependent on the existence of an ERISA plan. *See Ingersoll-Rand*, 498 U.S. 133, 112 L. Ed. 2d 474. In the instant case, plaintiff's claims are based on state law that applies in a variety of contexts and does not specifically refer to ERISA plans, and plaintiff's claims are not dependent on the existence of an ERISA plan. Therefore, we must consider whether plaintiff's claims have an impermissible "connection with" ERISA plans.

We start by emphasizing that allowing plaintiff's claims to go forward in state court would not in any way undermine the objectives of the ERISA statute. Hearing plaintiff's claims in state court in no way threatens ERISA's objective to "protect . . . the interests of participants in employee benefit plans and their beneficiaries . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans and by providing appropriate remedies, sanctions, and ready access to Federal courts." 29 U.S.C.A. § 1001(b). Further, allowing plaintiff's claims to survive in state court does not interfere with the purposes of ERISA's preemption provision. Plaintiff's claims will not subject plans and plan sponsors to "conflicting directives among States or between States and the Federal Government . . . ." *Travelers*, 514 U.S. at 656, 131 L. Ed. 2d at

706 (quoting *Ingersoll-Rand*, 498 U.S. at 142, 112 L. Ed. 2d at 474). Nor do they create "the potential for conflict in substantive law . . . requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction." *Id.* Plaintiff's state law claims simply do not threaten Congress' goal of "the nationally uniform administration of employee benefit plans." *Id.* at 657, 131 L. Ed. 2d at 706. Therefore, a finding of preemption in this case is not necessary to protect the objectives of ERISA.

Further, we do not feel that plaintiff's state law claims fall within any of the three categories of state laws Congress intended ERISA to preempt. First, plaintiff's state law claims do not "mandate[] employee benefit structures or their administration." *Id.* at 658, 131 L. Ed. 2d at 707. The state law claims at issue here do not attempt to require an employee benefit plan with particular terms, or to regulate the types of benefits a plan may provide. They do not create reporting, disclosure, or funding requirements, nor do they define fiduciary duties or address faulty plan administration. *See Coyne & Delany Co.*, 98 F.3d at 1471. Plaintiff's claims simply seek to enforce, or secure compensation for the breach of, an alleged agreement as to the date of hire for purposes of determining plaintiff's pension benefits.

Second, plaintiff's claims do not seek to bind a plan administrator to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan. Plaintiff's claims are not aimed at the administrator of defendant's employee benefits plan. Instead, plaintiff is suing defendant in its individual corporate capacity for its alleged anticipated refusal to adhere to the agreement entered into between it and plaintiff concerning plaintiff's date of hire for pension purposes. Plaintiff's claims do not attempt to regulate the employee benefit plan itself, but merely seek to establish the length of service plaintiff will be credited with upon retirement.

Third, plaintiff's state law claims cannot be considered an "alternate enforcement mechanism" for obtaining plan benefits. *Travelers*, 514 U.S at 658, 131 L. Ed. 2d at 707. Should plaintiff prevail on the damages portion of his claim, his recovery would be limited to damages against the defendant itself, and he would not be entitled to recover ERISA plan benefits. Although plaintiff does, in the alternative, seek to enjoin defendant from denying that plaintiff's date of hire for pension purposes is 15 February 1972, we hold that the connection between such an injunction and defendant's employee bene-

fits plan is likewise too minimal to bring plaintiff's claims within ERISA's preemption provision. *See Smith,* 851 F. Supp. at 214.

We believe that plaintiff's claims are traditional state-based claims of general applicability that do not implicate the relations among the traditional ERISA plan entities. Plaintiff's causes of action function irrespective of the existence of an ERISA plan. Defendant's liability is not premised on conditions in or a construction of defendant's employee benefits plan. The existence of an employee benefit plan is not a factor critical to establishing liability because the same causes of action would exist if an employee benefit plan were not in existence or was merely a fraudulent scheme. *See Smith,* 851 F. Supp. at 213. For the foregoing reasons, we hold that plaintiff's claims do not have the forbidden "connection with" an ERISA plan that would bring them within ERISA's preemption provision.

Defendant argues that the instant case is controlled by the decision in *Middleton v. Russell Group, Ltd.,* 126 N.C. App. 1, 483 S.E.2d 727, *disc. review denied,* 346 N.C. 548, 488 S.E.2d 805 (1997), where this Court held that several of the plaintiff's state law claims were preempted by ERISA. In *Middleton,* the defendant-employer hired the plaintiff as an advertising consultant and agreed to enroll the plaintiff and his family in its employee health insurance plan, which was administered by Life of Georgia (LOG). Approximately one month after the defendant-employer terminated the plaintiff's employment, the plaintiff's wife was injured when a brick wall fell on her. After admitting the plaintiff's wife for medical treatment, the hospital called LOG to verify health insurance coverage. LOG referred the hospital to the defendant-employer which informed the hospital that the plaintiff's wife was not covered. It was later discovered that the share of the plaintiff's health insurance premium had never been deducted from his paycheck, nor had he paid the premium share directly to the company. A letter was prepared notifying the plaintiff that he was entitled to continuation coverage under the health insurance plan pursuant to the Consolidated Omnibus Reconciliation Act, 29 U.S.C. §§ 1161-67 (COBRA). This letter was never mailed because the president of the defendant-employer determined that if the plaintiff had not paid his share of the premiums, he never had health insurance coverage, and, thus, the defendant-employer was not obligated to provide continuation coverage under COBRA. The plaintiff filed suit against the defendant-employer and LOG asserting claims for: (1) breach of contract; (2) failure to provide benefits under ERISA; (3) injunctive relief to provide COBRA benefits; (4) constructive fraud;

(5) negligent misrepresentation; and (6) unfair and deceptive trade practices. After the defendants failed in their attempt to remove the case to federal court, the trial court granted defendants' motion for summary judgment on all state law claims except negligent misrepresentation. This Court affirmed based on case law that has consistently found state law claims which involve redress for mishandling benefit claims or other maladministration of employee benefit plans to be preempted. Defendant contends that plaintiff's claims in the instant case are likewise preempted. We disagree.

The instant case is factually distinguishable from *Middleton*, in that here plaintiff's claims are premised upon an alleged anticipated breach of a promise that pension benefits will be determined based upon a certain date of hire, whereas, the state law claims held to be preempted in *Middleton* were premised on the plaintiff's health insurance benefits claim being mishandled. Further, our analysis of ERISA preemption law leads us to the conclusion that plaintiff's claims in the instant case are not preempted, and we so hold.

In conclusion, we reiterate that plaintiff's claims are not against defendant's employee benefits plan. Rather, they are against the defendant for its anticipated failure to abide by its promise to provide pension benefits based on an agreed upon date of hire. These claims neither concern the substance of the pension plan nor the plan's regulation. The plan is only incidentally or tangentially involved. Since plaintiff's claims are only tangential to the plan, his claims are not preempted by ERISA. *See Welsh v. Northern Telecom, Inc.*, 85 N.C. App. 281, 354 S.E.2d 746, *disc. review denied*, 320 N.C. 638, 360 S.E.2d 107 (1987).

Based on the foregoing, we hold that plaintiff's claims are not preempted by ERISA.

Reversed and remanded.

Chief Judge EAGLES and Judge HUNTER concur.