**Randy Barron CLARK, Plaintiff,**

v.

**BASF CORPORATION, Defendant.**

**No. CIV. 1:02CV136.**

United States District Court,
W.D. North Carolina,
Asheville Division.

Sept. 9, 2002.

Phyllis A. Palmieri, Morganton, NC, for Plaintiff.

Louis A. Bledsoe, Julian H. Wright, Robinson, Bradsahw & Hinson, P.A., Charlotte, NC, for Defendant.

### MEMORANDUM AND ORDER
### OF DISMISSAL

THORNBURG, District Judge.

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, United States Magistrate Judge Max O. Cogburn, Jr., was designated to consider pending motions in the captioned civil action and to submit to this Court

recommendations for the disposition of these motions.

On August 16, 2002, the Magistrate Judge filed a Memorandum and Recommendation in this case containing proposed findings of fact and conclusions of law in support of a recommendation regarding Plaintiff's motion to remand and the Defendant's motion to dismiss. Counsel for the parties were advised that any objections to the Magistrate Judge's findings were to be filed in writing within ten (10) days after service of the Recommendation. Taking into account the three-day service by mail provision and the exclusion of Saturdays, Sundays and holidays required by Fed.R.Civ.P. 6, the period within which to file objections expired on September 3, 2002. No written objections to the Magistrate Judge's Memorandum and Recommendation have been filed.

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that Plaintiff's motion to remand be denied and the Defendant's motion to dismiss be allowed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to remand is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant's motion to dismiss is **ALLOWED**, and this action is hereby **DISMISSED WITH PREJUDICE** as to the named Defendant, but is **DISMISSED WITHOUT PREJUDICE** as to the exhaustion of plan remedies and any subsequent filing of a civil action against the Pension Plan.

## ORDER and MEMORANDUM AND RECOMMENDATION

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the court on plaintiff's Motion to Remand and defendant's Motion to Dismiss. At the request of the plaintiff, a hearing was conducted and recorded on July 22, 2002, at which oral arguments were presented. On August 7, plaintiff filed his Motion to Submit Post–Hearing Authority, which is herein allowed, and request for further argument, which is herein denied. The court has considered plaintiff's additional citations of authority *infra.* It appearing that each motion has been fully briefed and argued, the undersigned submits the following findings, conclusions, and recommendations.

## FINDINGS AND CONCLUSIONS

### I. Background

In his complaint, plaintiff seeks benefits under his employer's pension plan for sums he contends he is entitled to receive. In pursuit of such remedy, plaintiff asserts a number of common-law contract and tort theories. He originally filed this action in the North Carolina General Court of Justice, Burke County Superior Court, but on June 4, 2002, defendant removed the action pursuant to 28, United States Code, Sections 1441 and 1446, asserting this court's original jurisdiction over such claims, which, for the reasons discussed below, are preempted by the Employee Retirement Income Security Act (hereinafter "ERISA").

Form 1976 to 1980, plaintiff worked for Inmont Corporation, a company that was later acquired by defendant. In 1991, plaintiff began work for defendant, and remains employed by defendant at this time. After he started working for BASF

in 1991, he was told by defendant that he would be given pension-plan credit for a start date of 1976, along with credit for continuous service between 1980 and 1991—years in which he worked for neither defendant nor Inmont. Over the years, plaintiff received statements from the pension plan that relied on a 1976 start date and continuous service.

After discovering a number of other errors, the Pension Plan [1] allegedly corrected the start date and years of service and adjusted the balance of plaintiff's retirement account. It is plaintiff's contention that defendant took cash out of his pension-plan account, reduced the cash balance, and that he, as a result, will receive only a quarter of what he is entitled to receive. Defendant contends, and plaintiff does not dispute, that plaintiff never availed himself of the administrative remedies available under the plan, but simply filed his action in state court after complaint letters to the company did not garner results. Plaintiff has alleged breach of contract, unfair and deceptive trade practices, conversion, and fraud and has moved to remand, contending that ERISA does not preempt this state-law matter. Defendant has moved to dismiss, arguing that ERISA is preemptive and exhaustion of administrative remedies is required before a civil remedy may be sought under the Act.

## II. Standards

■ Before reaching the Motion to Dismiss, a court must first consider whether it has jurisdiction. *Roach v. West Virginia Regional Jail and Correctional Facility Auth.*, 74 F.3d 46, 48 (4th Cir.1996). Consideration of jurisdiction is a continuing obligation of the court, because 28, United States Code, Section 1447(c) requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* Plaintiff's Motion to Remand calls into question defendant's assertion of this court's subject-matter jurisdiction and will be first considered *infra.*

■ When a court, in turn, considers a Motion to Dismiss, the allegations of the complaint are taken as true, with all inferences resolved in plaintiff's favor. Defendant has moved for dismissal pursuant to Rule 12(b), Federal Rules of Civil Procedure, contending that plaintiff has failed to state a cognizable claim. Rule 12(b) authorizes dismissal based upon a dispositive issue of law. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Court discussed in *Neitzke:*

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts ... a claim must be dismissed, without regard to whether it is based on outlandish legal theory.... What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

*Id.* at 1832 (citation omitted). For the limited purpose of ruling on defendant's motion, the court has accepted as true the facts alleged by plaintiff in the complaint and has viewed them in a light most favorable to plaintiff. Viewed in such light,

---

1. The plan would be the proper defendant in an ERISA action, not the company.

plaintiff has contended that after he began working for defendant, the company promised him additional pension benefits by crediting him with a start date and years he did not actually work for the company, it evidenced such grant through periodic pension plan statements, and it unilaterally took such benefits away when it determined he was not entitled to receive them.

### III. Discussion

#### A. Motion to Remand

Plaintiff has moved to remand this action to state court, contending that original jurisdiction does not exist, inasmuch as his claims sound in state tort rather than ERISA. In support of such argument, plaintiff submits *Vaughn v. CVS Revco D.S., Inc.*, 144 N.C.App. 534, 551 S.E.2d 122 (2001), *cert. denied*, 355 N.C. 223, 560 S.E.2d 367 (2002), which is nearly identical to this case. In *Vaughn*, the North Carolina Court of Appeals held that the plaintiff's state-law claims for breach of contract and unfair and deceptive trade practices, founded on his employer's failure to provide pension benefits based on an agreed date of hire, were not preempted by ERISA because the claims were tangential to the plan. *Id.* at 538–41, 551 S.E.2d 122. If *Vaughn* is controlling, then this matter must be remanded.

■ As a decision of a state tribunal, *Vaughn* is not controlling in federal court, *Jordan v. Hutcheson*, 323 F.2d 597 (4th Cir.1963); and it is contrary to well-settled federal precedent, *Griggs v. Dupont*, 237 F.3d 371 (4th Cir.2001). While federal courts may look to decisions of state courts for guidance on ERISA, federal decisions must be consistent with congressional policy concerns that underlie ERISA. *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341 (11th Cir.1994). The decision of the Court of Appeals for the Fourth Circuit in *Griggs v. Dupont, supra*, is on point and

controlling on this issue. In *Griggs*, the appellate court found that ERISA preempts an employee's state common-law claims against his employer for fraudulent or negligent misrepresentation where the false representation concerns the existence or the extent of benefits under an employee benefit plan. *Id.* at 378. The discussion by the court in *Griggs* may be helpful in understanding this concept:

> Generally speaking, ERISA preempts state common law claims of fraudulent or negligent misrepresentation when the false representations concern the existence or the extent of benefits under an employee benefit plan. In fact, ERISA preemption is commonly understood to apply to state common law claims that an ERISA fiduciary misrepresented the nature or availability of retirement benefits....

*Id.* (citations omitted).

■ To determine whether ERISA preemption applies to a particular claim, courts are required to look to the four corners of the state-law complaint for a factual determination of the nature of a plaintiff's claim, rather than any label the plaintiff may have put on his claim. *Id.* at 379. Plaintiff herein contends that at some time after he commenced working for defendant in 1991, a member of defendant's management told him that, for purposes of the pension plan, defendant would give plaintiff credit for a start date of 1976 and continuous years of service from that date. He further alleges that defendant reconfirmed such award through periodic plan statements, but unilaterally deemed that benefit to be a mistake and withdrew sums from his pension plan account.

■ In *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), the Supreme Court held that a state cause of action "relates to' an em-

ployee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* at 96–97, 103 S.Ct. 2890. Preemption applies even where such a law " 'is not specifically designed to affect such plans, or the effect is only indirect.' " *District of Columbia v. Greater Washington Bd. of Trade,* 506 U.S. 125, 129–30, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992)(*quoting Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)). What must be present is a nexus between the claim made and the plan, and that nexus must not be too tangential. *Smith v. Dunham–Bush, Inc.,* 959 F.2d 6, 9 (2nd Cir.1992). A state-law claim is preempted where (1) the claim is premised upon the existence of a plan, and plaintiff must plead and prove a plan exists in order to prevail, *Ingersoll–Rand Co.,* at 140, 111 S.Ct. 478; or (2) the claim directly conflicts with an ERISA cause of action, *id.* at 142, 111 S.Ct. 478.

In order for plaintiff herein to prevail on any of his claims, he would have to prove that a plan exists, he is a participant in such plan, and he is entitled to benefits under the plan. *Griggs v. Dupont, supra,* at 378. The linchpin to all of plaintiff's claims is that the actions of defendant reduced the amount of plaintiff's plan account and reduced the benefit he would be entitled to draw. The court in *Griggs* found a very similar claim to have a "sufficient 'connection with or reference to' DuPont's pension plan to warrant preemption." *Id.* at 379.

The court has also considered the additional authority submitted by plaintiff after the hearing, but those cases simply illustrate the chasm between what is preempted by ERISA and what is not. In *Darcangelo v. Verizon Communications, Inc.,* 292 F.3d 181 (4th Cir.2002), the plaintiff asserted a claim based upon the alleged tortious acts of a plan administrator in revealing that plaintiff's private medical information in an attempt to harm that plaintiff. In determining whether such a claim was preempted by ERISA, the Court of Appeals for the Fourth Circuit held, as follows:

*Pegram [v. Herdrich,* 530 U.S. 211, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)] thus requires us to look at Darcangelo's complaint and determine "whether [the entity employed to provide services under the plan] was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." If Darcangelo is alleging that CORE [the plan administrator], in the course of processing a benefits claim or performing some other plan duty, improperly disclosed her private medical information, this would be a claim for breach of fiduciary duty under ERISA.... Such a claim would amount to an allegation that CORE, in the course of acting as a fiduciary, that is, in making decisions about "managing assets and distributing property to beneficiaries," had not acted solely in the interests of the participants and beneficiaries, but had acted in the competing interest of Verizon. This would be an impermissible attempt to use state law to "define fiduciary duties or address faulty plan administration," and would thus constitute an alternative enforcement mechanism to a breach of fiduciary duty claim under § 502.

As explained above, however, Darcangelo's complaint alleges that Verizon and CORE did not obtain this information in pursuit of a legitimate or appropriate end. This amounts to an allegation that Verizon and CORE undertook conduct that was entirely unrelated to and outside of the scope of their duties under the plan or in carrying out the terms of the plan. Darcangelo does not

allege that CORE improperly performed some traditional fiduciary function, such as "managing assets" or "distributing property" under the plan. Nor does Darcangelo allege that CORE negligently "discharge[d its] duties," § 404(a)(1), or negligently carried out the terms of the plan. Rather, Darcangelo alleges conduct by CORE that is completely unauthorized—conduct that was not undertaken in the course of carrying out its plan responsibilities. The complaint, in other words, does not simply allege "faulty plan administration...."

*Id.* at 193 (citations omitted). Unlike *Darcangelo,* the case *sub judice* has nothing to do with anything other than the management of this plaintiff's retirement plan. *Darcangelo* simply reinforces the proposition than even common-law torts are subsumed by ERISA, so long as those torts were done in furtherance of a plan duty. Thus, even if a plan administrator improperly determined the amount of creditable service or funds a plan participant was entitled to receive, and even if that determination was grossly unfair, a plaintiff's course and later cause of action would be governed exclusively by ERISA.

As to the second case cited by plaintiff, *Grover v. Comdial Corp.,* 3:01cv35, 2002 WL 1066951 (W.D.Va. May 23, 2002), the court can see no relation between that cause of action and plaintiff's claims, other than the assertion of a breach-of-contract claim. In *Grover,* the district court determined that plaintiff's claim was not preempted by ERISA because it was a claim for wrongful termination from employment, which depended upon "a resolution of whether an employment contract has been breached." *Id.* While whether his termination was proper would have an impact on his entitlement to future plan benefits, the court determined that any liability would "not be a liability against the benefit plans, but against the employer." *Id.* Again, in *Griggs, supra,* the Court of Appeals for the Fourth Circuit found that ERISA preempts an employee's state common-law claims against his employer for fraudulent or negligent misrepresentation where the false representation concerns the existence or the extent of benefits under an employee benefit plan. *Id.* at 378. The harm in Grover was not, as here, a breach of contract whose direct and only damages were plan account balances, but breach of an employment contract that had, among other damages, consequential damages relating to future plan benefits. The appellate decision in *Griggs* must govern, because the unpublished district court decision in Grover is inapplicable to plaintiff herein.

The undersigned, therefore, must find that all of plaintiff's state-law claims have a direct connection to the pension plan defendant has provided for its employees and that pursuit of such claims would conflict with an ERISA cause of action. Finding plaintiff's claims preempted as a matter of law, the undersigned finds that this action was properly removed under this court's original jurisdiction and will recommend that plaintiff's Motion to Remand be denied. *See Strategic Outsourcing, Inc. v. Commerce Benefits Group Agency, Inc.,* 54 F.Supp.2d 566, 571–74 (W.D.N.C.1999); *Woolbert v. Kimble Glass, Inc.,* 54 F.Supp.2d 539, 543 (W.D.N.C.1999).

## B. Exhaustion of Administrative Remedies

Inasmuch as ERISA preempts plaintiff's state-law claims, defendant has moved to dismiss the complaint because plaintiff has failed to exhaust his administrative remedies under the plan. In paragraphs 14, 16, and 45 of his complaint, plaintiff contends that he has written a

letter and demanded additional benefits, but at no point has he utilized the administrative procedures set forth under the plan. In *Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia, Inc.*, 102 F.3d 712 (4th Cir.1996), the Court of Appeals for the Fourth Circuit held, as follows:

> This exhaustion requirement is grounded in section 503, which requires ERISA benefit plans to provide notice and an explanation of any claim denial and to afford claimants reasonable opportunity to receive a "full and fair review" of the decision denying their claim. 29 U.S.C. s 1133. These mandatory administrative claims procedures manifest a congressional intent to "minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement." *Makar v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80, 83 (4th Cir.1989). Virtually all of the federal circuits have recognized the exhaustion requirement.

*Id.* at 716. Plaintiff has made no showing that he has exhausted his administrative remedies. The undersigned, therefore, must recommend that this action be dismissed without prejudice as to bringing, after exhaustion, a subsequent claim against the proper defendant, and with prejudice as to the named defendant, inasmuch as the named defendant herein is not a proper party to an ERISA claim. *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir.1997).[2]

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Submit Post–Hearing Authority is **ALLOWED**, and plaintiff's motion for further argument is **DENIED**.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that plaintiff's Motion to Remand be **DENIED**, defendant's Motion to Dismiss be **ALLOWED**, and this action be **DISMISSED** with prejudice as to the named defendant, but **DISMISSED** without prejudice as to the exhaustion of plan remedies and subsequent filing of any further civil action against the plan.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the

---

2. The court notes the concerns plaintiff expressed through counsel at the hearing as to the equity of this result. Perhaps the best explanation is found in *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), wherein the Supreme Court in discussing the remedy available under Section 502, reasoned, as follows:

> We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the "special nature and purpose of employee benefit plans," and will respect the "policy choices reflected in the inclusion of certain remedies and the exclusion of others." Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable

relief, in which case such relief normally would not be "appropriate."

*Id.*, 116 S.Ct., at 1079. In understanding ERISA, a person must understand the nature of pension funds in the early 1970's, wherein state regulation was either spotty or nonexistent, and Congress saw a need to protect workers who would reach retirement, only to find that they had little benefits, no benefits, or their benefits had been corruptly taken. Through creating ERISA, Congress almost completely abolished the patchwork of what were ineffective state-law tort claims related to pensions, *Bartholet v. Reishauer A.G.*, 953 F.2d 1073 (7th Cir.1992), in favor of strong federal regulation, which balances the strictures of fiduciary control with very precise relief, but no windfalls.

findings of fact, conclusions of law, and recommendation contained herein must be filed within ten (10) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

Aug. 16, 2002.