JARVIS v. STEWART

[170 N.C. App. 638 (2005)]

RICHARD JARVIS, Plaintiff v. NATHANIEL M. STEWART & STEWART FINANCIAL GROUP, INC., Defendants

No. COA04-713

(Filed 7 June 2005)

**Employer and Employee— disability provisions—state action—no preemption**

Plaintiff's state action against his employer's financial advisor should not have been dismissed as preempted by federal ERISA legislation where none of plaintiff's claims raised any of the concerns Congress sought to address by ERISA. These claims arose from the difference between the disability benefits plaintiff received and representations made to him; among other things, these claims involved defendants who are not plan administrators or fiduciaries.

Appeal by plaintiff from order entered 19 March 2004 by Judge W. David Lee in Cabarrus County Superior Court. Heard in the Court of Appeals 16 February 2005.

*Browne, Flebotte, Wilson, Horn & Webb, PLLC, by Martin J. Horn and Adam A. Smith, for plaintiff-appellant.*

*Parker, Poe, Adams & Bernstein, L.L.P., by David N. Allen and Jennifer E. Marsh, for defendants-appellees.*

JACKSON, Judge.

Richard Jarvis, ("plaintiff") appeals an order entered 19 March 2004 in Cabarrus County Superior Court dismissing, with prejudice as to further state proceedings, his complaint alleging breach of contract; detrimental reliance; negligence; negligent misrepresentation; and unfair or deceptive trade practices.

Plaintiff filed his initial complaint on 11 June 2003 and his first amended complaint and motion to amend complaint on 20 January 2004. The motion to amend complaint was heard and granted on 16 February 2004. Defendant-appellees, Nathaniel M. Stewart ("Stewart") and Stewart Financial Group, Inc. ("Stewart Financial") (collectively "defendants") responded to plaintiff's First Amended Complaint with a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure. In their Motion to Dismiss, defendants argued that plaintiff's claims were pre-

empted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1144, (ERISA) and therefore the state courts did not have jurisdiction over the claims. In opposition to defendants' Motion to Dismiss, plaintiff argued that his claims were traditional state law claims and should not be preempted. Plaintiff contended that since the terms of the disability policy itself were not disputed and neither the plan nor any of the plan administrators were named as parties to the action the claims should not be preempted.

The trial court issued an order granting defendants' Motion to Dismiss with prejudice as to further state court proceedings on the claims on 19 March 2004. In its order the trial court held plaintiff's claims were "relate[d] to" an "employee welfare benefit plan" and were therefore preempted by ERISA. The trial court also held concurrent jurisdiction under 29 U.S.C. § 1132(e) was not proper as that section allows concurrent state court jurisdiction in the "limited circumstance of a participant or beneficiary seeking 'to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.' " (emphasis in original omitted) The trial court also noted in its order that plaintiff did not seek to recover under the terms of the plan and had not sued the plan, the plan's administrator, the plan's trustee, or the employer.

The basis of plaintiff's claim was a letter he received from Stewart on behalf of Stewart Financial informing him that his employer had made changes to his benefits package. These changes included adding a company paid long term disability policy. The letter also informed plaintiff that the new disability policy would pay him sixty-six and two thirds percent (66 2/3%) of his income in the event he became disabled. This information was confirmed to plaintiff verbally by defendants on several occasions.

Plaintiff subsequently was disabled. His actual benefits paid under the long term disability policy were only sixty percent (60%) of his income. The difference in benefits between the amount stated by defendants in the letter and the amount actually paid under the policy during plaintiff's disability was $48,572.48.

Plaintiff only filed suit against Stewart, who had acted as a financial advisor, and Stewart Financial and not against plaintiff's employer; the plan administrator; the plan trustee; nor the plan itself. His initial complaint was based on the grounds that: (1) the letter and subsequent conversations with defendants were sufficient to consti-

tute a contract between the parties and defendants breached that contract; (2) that defendants were negligent in sending the misleading letter to plaintiff and in failing to correct their misstatements; and (3) that plaintiff relied on the statements in the letter to his detriment. Plaintiff's amended complaint added claims for breach of contract based on defendants contract with plaintiff's employer, negligent misrepresentation and unfair or deceptive trade practices.

On defendants' motion, the trial court dismissed plaintiff's claims on the ground that they were preempted by ERISA. Plaintiff timely appealed. Plaintiff assigns as error: (1) the trial court's granting of defendants' motion to dismiss plaintiff's claims on the basis that they were related to a welfare benefits policy and therefore preempted by Federal Law and (2) the trial court's conclusion that state courts do not have concurrent jurisdiction over plaintiff's claims.

ERISA contains an express preemption clause which provides that ERISA supercedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). In its early attempts to interpret this preemption clause, the United States Supreme Court relied heavily on a textual analysis and dictionary definition of "relate to". *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97, 77 L. Ed. 2d 490, 501 (1983) (deciding, based on a definition from Black's Law Dictionary, that a state law "relates to" an employee benefit plan if it has a connection or reference to the plan). More recently, however, the Supreme Court has determined that ERISA's preemption clause analysis must begin with the "presumption that Congress does not intend to supplant state law." *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654, 131 L. Ed. 2d 695, 704 (1995). The Supreme Court has instructed that, in applying ERISA's preemption clause, courts should "look . . . to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Id.* at 656. Accordingly, the party asserting preemption must convince the court that the statute sought to be preempted is the type of law that Congress specifically intended ERISA to preempt. *De Buono v. NYSA-ILA Med. and Clinical Servs. Fund*, 520 U.S. 806, 814 138 L. Ed. 2d 21, 29 (1997).

The anti-preemption presumption can be overcome, according to the Supreme Court, in several ways. If the state law in question "acts immediately and exclusively upon ERISA plans" or if "the existence of ERISA plans is essential to the law's operation" then the law "refers to" ERISA plans and is preempted. *Cal. Div. Of Labor*

*Stds. Enforcement v. Dillingham Constr.*, NA, 519 U.S. 316, 325, 136 L. Ed. 2d 791, 800 (1997). ERISA also preempts state laws that do not refer to ERISA or ERISA plans if there is a clear "connection with" a plan in that the law "mandated employee benefits structures or their administration" or "provides alternative enforcement mechanisms." *Travelers*, 514 U.S. at 658, 131 L. Ed. 2d at 707. Consistent with these opinions, the Ninth and Tenth Circuits have held that ERISA preempts

> (1) laws that regulate the type of benefits or terms of ERISA plans, (2) laws that create reporting, disclosure, funding, or vesting requirements, (3) laws that provide rules for calculation of the amount of benefits to be paid under ERISA plans, and (4) laws that provide remedies for misconduct growing out of the administration of ERISA plans.

*Farr v. U.S. West Inc.*, 58 F.3d 1361, 1365 (9th Cir. 1995)[1], *Airparts v. Custom Benefit Servs*, 28 F.3d 1062, 1064-65 (10th Cir. 1994). Otherwise, the presumption against preemption is very strong and state laws of general application that simply impose some burdens on ERISA plans should not be preempted. *Plumbing Indus. Bd. v. E.W. Howell Co.*, 126 F.3d 61, 67 (2d Cir., 1997) (citing *De Buono*, 520 U.S. 806, 138 L. Ed. 2d 21).

"The term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State. 29 U.S.C. § 1144(c)(1). "[I]n appropriate circumstances, state common law claims fall within the category of state laws subject to ERISA preemption." *Griggs v. E.I. Dupont De Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001). Common law tort and breach of contract claims are preempted by ERISA if they involve "efforts by [plan] beneficiaries to undo some allegedly improper act of plan administration." *Airparts*, 28 F.3d at 1066.

Consistent with the above federal cases, is the opinion of this Court in *Vaughn v. CVS Revco D.S., Inc.*, 144 N.C. App. 534, 551 S.E.2d 122 (2001). In *Vaughn*, the plaintiff filed a common law claim of antic-

---

1. On appeal after remand, the 9th Circuit affirmed the trial court's holding that plaintiff's claims were preempted by ERISA, contrary to its holding in the original appeal. The Court's holding after remand was based on the ground that the Supreme Court decision in *Varity Corp. v. Howe*, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996), handed down subsequent to the Court's first decision, expanded the scope of plan administration activities and brought the activities upon which plaintiff's claims were based within ERISA preemption. 151 F.3d 908 (1998) (amended opinion reported at 1998 U.S. App. LEXIS 38509).

ipatory breach of contract and a statutory claim of unfair and deceptive trade practices against the plaintiff's employer in its individual corporate capacity. The plaintiff did not seek relief from the plan administrator, did not attempt to regulate the plan itself, nor seek to recover benefits from the plan itself. *Id.* at 539. There, this Court held that the claims were traditional state-based claims of general application and not, therefore, preempted by ERISA. *Id.* at 540. *See also Welsh v. Northern Telecom, Inc.,* 85 N.C. App. 281, 354 S.E.2d 746 (1987) (holding that a claim, that was not against the ERISA plan, seeking amounts in addition to benefits under the plan based on an agreement to provide additional benefits did not concern the substance or regulation of the plan and was therefore not preempted).

As instructed by the Supreme Court in *Travelers* and *De Buono,* we begin by looking at the objectives of ERISA to determine if the state laws in question here are of the type that Congress intended ERISA to preempt. The ERISA preemption provision has two primary purposes: to protect employees and their beneficiaries in employee benefit plans and to ensure that there is a uniform body of benefit law among the states by minimizing "the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government." *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 142, 112 L. Ed. 2d 474, 486 (1990). "Pre-emption ensures that the administrative practices of a benefit plan will be governed by only a single set of regulations." *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 11, 96 L. Ed. 2d 1 (1987).

In the instant case, plaintiff, in his amended complaint, alleges six causes of action: 1) breach of express agreement and contract (between himself and defendants); 2) negligence; 3) detrimental reliance; 4) breach of contract (between plaintiff's employer and defendants); 5) negligent misrepresentation; and 6) unfair or deceptive trade practices. The Fourth Circuit, which has jurisdiction over North Carolina federal claims, has found that state law claims for breach of contract, promissory estoppel and negligent misrepresentation were not preempted by ERISA where the claims would not submit the employer to conflicting employer obligations, create alternative standards of recovery, determine whether the plaintiff would receive benefits under the plan, or affect the administration of the plan. *Pizlo v. Bethlehem Steel Corp.,* 884 F.2d 116, 120 (4th Cir. 1989). In *Pizlo,* as here, the damages sought were measured by the benefits the plaintiffs would have received under the plan, yet the claims were held to not be preempted. *Id.* at 120-21.

**IN RE K.R.S.**

[170 N.C. App. 643 (2005)]

The common law and state statutory claims in the instant case do not act immediately and exclusively on ERISA plans nor is the existence of ERISA plans essential to the operation of these common law doctrines or state statutes which are instead claims of general application that do not fall within the situations that overcome the anti-preemption presumption set forth in *Dillingham*. 519 U.S. at 325. The basis of these claims is the actions of defendants who are not plan administrators or fiduciaries. The claims do not seek to recover benefits under the plan nor do they seek to mandate the structure of benefits or the administration of the plan and consequently do not fall within the situations outlined in *Travelers* that justify preemption. 514 U.S. at 658. Nor do these common law claims subject the plan to regulations that conflict with the uniform body of law regulating ERISA plans. Consequently, as none of plaintiff's claims raise any of the concerns Congress sought to address when the ERISA preemption provision was enacted, we hold that plaintiff's claims are not preempted by ERISA and reverse the trial court's order dismissing plaintiff's claims.

Because we have held that plaintiff's claims are not preempted by ERISA, it is unnecessary to reach plaintiff's second assignment of error regarding concurrent state jurisdiction.

Reversed.

Judges HUNTER and CALABRIA concur.